# Exhibit A

# Declaration of Jason Kadish, Esq.

# Pursuant to 28 U.S.C. § 1746

I, Jason Kadish, Esq., hereby declare:

1. I represented Charles Rice in state postconviction proceedings relative to his convictions under CP-51-CR-00CP-51-CR-0013974, 76, 78 and 80.

2. I have reviewed Claim II of his *Habeas Petition,* wherein he alleges trial counsel's ineffectiveness for agreeing to stipulate to "evidence" that Khalief Ladson was a "person of interest" in the shooting of Mr. Rice.

3. That stipulation was entered after the Commonwealth had attempted to demonstrate to the trial court at a pretrial hearing that the "evidence" (i.e., that Mr. Ladson was "a person of interest") was admissible.

4. My review of the state court record, and the trial judge's colloquy with the prosecutor during the hearing, confirms that the Commonwealth was unable to convince the trial judge of the admissibility of this "evidence." It is quite clear from the record that the Commonwealth's motion was going to be denied.

5. I can discern no basis for the admissibility of the "evidence," nor of a strategic rationale for Mr. Rice's counsel to agree to stipulate to it.

6. The trial record reveals that the introduction of this "evidence" was devasting to the defense, for all the reasons set forth within Claim II of the *Habeas Petition.*

7. For the above reasons I concur with habeas counsel that trial counsel's performance in stipulating to this "evidence" was deficient, and her deficiency prejudiced Mr. Rice.

8. I had no reasonable strategic rationale for not asserting trial counsel's ineffectiveness in failing to object to this improper evidence of motive. Had I considered the issue, I would have raised the claim.

I hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____          Date: 5/30/2023
Jason Kadish, Esq.