**Andrew Notaristefano /DA/Phila**
01/29/2013 10:01 AM

To   Eric Stryd/DA/Phila@PHILA

cc   Erin Boyle/DA/Phila@PHILA, Harold Bauer/DA/Phila@PHILA, Kirk Handrich/DA/Phila@PHILA, Kristin Powers/DA/Phila@PHILA, Richard

bcc

Subject   Re: Caselaw question📄

If you don't have specifics about your sources, then it looks like you lack foundation (i.e. it's all rank hearsay).  Motive evidence is one thing (K-Pow's brief).  Foundation is another, therefore somewhere on the relevancy test.

Typically, this is done by officers with personal knowledge.  "I have seen them together before on numerous occassions on 7th Street.  The person he is with has a tattoo on his forearm of the number 7.  He grew up on 7th Street and associates with other people that also live on 7th street.  etc."  Do your officers know the victim to hang on 5th Street?  Your intelligence has to indicate shootings from 7th and 5th where 7th St members were shot by 5th, etc.  That stuff typically isn't developed solely by C/I's.  Eventually someone gets shot and someone says something.

I assume your shooting victim is south and won't give you any of this?  Cross him on it anyway.  You have a good faith basis to ask the question so you're not doing anything improper.  If he gives it to you, great.  If he denies it, the jury knows what is up with the case because you asked the question but they just technically cannot use it.  At that point, they understand you just can't prove motive because you have a south witness and his behavior will explain everything they need to know about what happened and why we have the law of prior inconsistent statements.  Jurors get that, will stop thinking about your "need" to prove motive, so when you close on "I don't have to prove motive and the judge is going to tell you that", they will understand better, not get hung up on that, and will see the defense attorney's closing argument on this area as a distraction from the evidence, which is what really matters.

Good luck.

Andrew Notaristefano
Assistant District Attorney
phone: 215-686-9947
andrew.notaristefano@phila.gov
Eric Stryd/DA/Phila

**Eric Stryd /DA/Phila**
01/28/2013 04:43 PM

To   Andrew Notaristefano/DA/Phila@PHILA, Kirk Handrich/DA/Phila@PHILA, Erin Boyle/DA/Phila@PHILA, Kristin Powers/DA/Phila@PHILA, Harold Bauer/DA/Phila@Phila, Richard Boyd/DA/Phila@Phila, Harold Bauer/DA/Phila@Phila

cc

Subject   Caselaw question

Hey guys,

I have a caselaw question, Judge Cohen was jamming me up today on a PBA motion, so I thought I would ask if anyone has dealt with this issue?

I have a shooting case where I am trying to get in some evidence about a previous shooting and also

evidence about the defendant's affiliation to the 7th street gang.  My shooting victim is a member of 5th street.  I don't have any hard evidence of this, all I have is criminal intelligence officers and detectives who can testify that according to their sources ( and the shooting database) the defendants are members of 7th street.  But I don't have any specifics about who the "sources" are or where this information came from.  Is there any way I can get any of this information in for purpose for the motive of the shooting or am I stuck because I don't have any specific information about where the info came from.

Just thought I would see if anyone has any thoughts.

Thanks

Eric